SLIP OPINION

Cite as 2015 Ark. 387

# SUPREME COURT OF ARKANSAS

No. CR–15–174

| | | | |
|---|---|---|---|
| JAMES JOHNSON III | | **Opinion Delivered** October 29, 2015 | |
| | APPELLANT | | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-12-2989] | |
| STATE OF ARKANSAS | | HONORABLE BARRY A. SIMS, JUDGE | |
| | APPELLEE | | |
| | | AFFIRMED. | |

**KAREN R. BAKER, Associate Justice**

On August 6, 2014, a Pulaski County Circuit Court jury convicted appellant, James Johnson III, of capital murder and sentenced Johnson to life imprisonment without the possibility of parole.[1] This timely appeal followed. This court has jurisdiction pursuant to Ark. Sup. Ct. R. 1–2(a)(2) (2015).

Johnson's appeal arises from the death of Charles Gaskins during the course of an aggravated robbery in Little Rock on July 30, 2012. Because Johnson does not challenge the sufficiency of the evidence, only a brief statement of the facts is necessary. The record demonstrates that around midnight on July 30, 2012, Nikelle Girndt and her fiancé, Gaskins, were sitting on the front porch of their trailer in southwest Little Rock off Baseline Road when two masked gunmen jumped onto the porch. Girndt testified that she thought it was

---

[1]At the conclusion of the trial, count two, possession of firearms by certain persons, Ark. Code Ann. § 5-73-103(c)(1)(B) (Repl. 2005), was still pending.

a prank until one of the masked men said "[T]his is a robbery." Girndt further testified that one of the men raised the gun to her chest; Gaskins intervened and attacked one of the men to free Girndt from the gun's path as Gaskins remained outside on the porch. Girndt testified that she then ran inside the home and attempted to lock the door and struggled with one of the men as he tried to shove his way in the door. Girndt testified that she awoke Gaskins's son-in-law, Stephon Gillersen, and called 911. Finally, Girndt testified that, through the window, she saw Gaskins lying on his stomach on the porch, but Gillersen would not let her open the door until officers arrived for fear that the men remained outside.

Later that same day, Johnson and Donte Davis were developed as suspects in the homicide, stopped pursuant to a traffic stop, and arrested and charged with capital murder. Upon his arrest, Johnson had a cell phone on his person that was seized. Pursuant to a search warrant, over his objection, the phone contents were searched, and incriminating evidence was found on the phone. Specifically, the search revealed the following text message on Johnson's phone: "So ima go my own route if they ketch me on this here charge im gone fa life." The search also revealed that Johnson's phone had accessed a news article regarding the homicide entitled "Witness says fiancé fought masked man on porch, died." Johnson was tried and convicted as discussed above, and this appeal followed.

Johnson raises one point on appeal: the circuit court erred in denying Johnson's motion to suppress evidence obtained from his cell phone records.

## I. *Points on Appeal*

For his sole point on appeal, Johnson contends that the circuit court erred in denying

SLIP OPINION

Johnson's motion to suppress evidence obtained from his cell phone. Johnson contends that the search-warrant affidavit was deficient and that the good faith exception is inapplicable because the affidavit was "bare bones."

"In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. *E.g.*, *Menne v. State*, 2012 Ark. 37, 386 S.W.3d 451. A finding is clearly erroneous, even if there is evidence to support it, when the appellate court, after review of the entire evidence, is left with the definite and firm conviction that a mistake has been made. *E.g.*, *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596. We defer to the superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing. *E.g.*, *Cockrell v. State*, 2010 Ark. 258, 370 S.W.3d 197. We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Ritter v. State*, 2011 Ark. 427, 385 S.W.3d 740." *Jackson v. State*, 2013 Ark. 201, 5–6, 427 S.W.3d 607, 611–12.

Turning to Johnson's argument on appeal, he asserts that the circuit court erred in denying his motion to suppress the search warrant that resulted in the search of the contents of his cell phone. Prior to trial, Johnson filed a motion to suppress and orally made a motion to suppress. At the pretrial hearing, Johnson contended, as he does on appeal, that the circuit court erred in denying the motion to suppress because the affidavit in support of the search

SLIP OPINION

warrant does not provide a nexus between the phone and the homicide. The State responds that the application for the search warrant provided detailed information regarding the connection between the phone and Gaskins's homicide and urges us to affirm the circuit court.

Our law regarding search warrants, pursuant to Rule 13.1, of the Arkansas Rules of Criminal Procedure (2014), subsection (b) provides as follows:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Accordingly, "probable or reasonable cause to believe the things subject to seizure will be found in the particular place identified is required, and this must be established by affidavit or recorded testimony." *Yancey v. State*, 345 Ark. 103, 110, 44 S.W.3d 315, 319 (2001) (internal citations omitted).

In determining the adequacy of the affidavit, "the task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying the

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Coggin v. State*, 356 Ark. 424, 437–38, 156 S.W.3d 712, 720 (2004) (quoting *State v. Rufus*, 338 Ark. 305, 993 S.W.2d 490 (1999)). The duty of this court is to simply ensure that the magistrate had a substantial basis for concluding probable cause existed. *Id.* "Our review of probable cause for the issuance of a warrant is confined to the information contained in the affidavit as that was the only information before the magistrate when he issued the warrant. *George v. State*, 358 Ark. 269, 189 S.W.3d 28 (2004)." *Wagner v. State*, 2010 Ark. 389, 7, 368 S.W.3d 914, 921 (2010).

Here, the record demonstrates that, on August 1, 2012, the phone was seized and held in custody for almost two years.[2] On June 30, 2014, a search warrant for the phone's contents was issued, and the warrant was returned to district court on July 14, 2014. Detective Kevin Simpson's affidavit in this case reveals the following facts relevant to probable cause:

- On July 30, 2012, at approximately 12:31 a.m., a shooting and homicide occurred at 9500 South Heights #203.
- LRPD officers responded to the scene, determined Gaskins to be deceased, and initiated an investigation.
- On July 30, 2012, LRPD homicide detectives received information identifying Johnson and Davis as suspects in the homicide.
- On July 30, 2012, LRPD located Johnson and Davis, the two men were detained in a traffic stop, arrested and taken into custody.
- On July 30, 2012, during Johnson's arrest for capital murder, a black Cricket ZTE phone in a red case with a black rubber cover was located on Johnson. Detective Simpson believes that said phone contains possible evidence regarding the Gaskins homicide at 9500 South Heights #203. The phone was seized and stored in evidence.

---

[2]At the pretrial hearing, Johnson's attorney explained that after the cell phone was seized, on April 29, 2014, *Riley v. California*, 134 S. Ct. 2473, 2477 (2014), was announced and held that a search warrant was required to search a cell phone's contents.

- On July 30, 2012, Davis and Johnson were transported to LRPD for further investigation.
- Once at the LRPD homicide office, Davis was advised and waived his *Miranda* rights and gave a taped statement implicating himself and Johnson in the Gaskins homicide.

Here, Johnson contends that the affidavit was deficient and the circuit court erred because "the affidavit does not provide any nexus between the phone and the homicide . . . . There are no facts included in the warrant to justify any reasonable belief that the phone contains evidence of the murder of Charles Gaskins." We disagree. The record demonstrates that Detective Simpson's affidavit creates a nexus between the homicide and the phone.

First, the affidavit established that the victim had been shot and that two men were identified as suspects in the homicide. The affidavit also established that Johnson was one of the two suspects. Second, upon arrest for capital murder, approximately twenty-hours after the homicide, the phone was found on Johnson and seized and secured. Third, the affidavit established that after Johnson and Davis were arrested, during questioning at the police station, Davis implicated himself and Johnson in the homicide.

Here, because Johnson was working with at least one other person when the homicide was committed, it is reasonable to infer that the cell phone that was in his possession was used to communicate with others regarding the shootings before, during, or after they occurred. Further, because the confidential informant relayed information about Johnson's involvement in the homicide to Detective Simpson on the same day that the homicide occurred, it is reasonable to infer that the cell phone in Johnson's possession at the time of his arrest was used to communicate with some third party regarding his involvement in the homicide. *See, e.g.,*

*United States v. Gholston*, 993 F. Supp. 2d 704, 719 (E.D. Mich. 2014) (where codefendants were charged with robbery, the court denied codefendant Gholston's motion to suppress a search warrant of the data on his cell phone and explained that a search of a cell phone was likely to reveal evidence of communication of criminal activity involving multiple participants.).

Based on these facts, it is reasonable to conclude that the phone may have been used as a communication device regarding the homicide. Accordingly, the record demonstrates that there was a nexus between the homicide and the phone. Further, the warrant is clear that the facts asserted in Detective Simpson's affidavit were the basis for the magistrate's finding of probable cause that evidence related to the Gaskins homicide would be located on the cell phone at issue.

Based on the facts of this case, we are satisfied that there was adequate probable cause to issue the search warrant and that the resulting search was proper. Therefore, we find no error in the circuit court's denial of Johnson's motion to suppress, and we affirm the circuit court.

This case involves a sentence of life imprisonment without parole; therefore, it is subject to review under Arkansas Supreme Court Rule 4-3(i) (2015). As required under Ark. Sup. Ct. R. 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Johnson, and no prejudicial error has been found.

Affirmed.

*James Law Firm*, by: *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.