

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–34

| | | |
|---|---|---|
| BARRY DUKE | | Opinion Delivered September 14, 2016 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-15-161] |
| V. | | |
| | | HONORABLE BILL PEARSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Barry Duke appeals from his conditional plea of guilty to a charge of possession of marijuana with intent to deliver. His plea was conditioned upon an appeal challenging the circuit court's denial of his motion to suppress evidence seized during a traffic stop. We affirm.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. *Johnson v. State*, 2015 Ark. 387, 472 S.W.3d 486. We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Id.* With these standards in mind, we turn our attention to the evidence before the circuit court.

SLIP OPINION

In March 2015, Arkansas State Trooper Chris Goodman initiated a traffic stop of a truck for speeding. Trooper Goodman observed the truck overtaking and passing other vehicles, and radar indicated the truck was traveling 74 miles per hour in a 70 mile-per-hour zone. Duke was the operator of the truck.

Trooper Goodman approached the vehicle on the passenger side. Duke rolled the passenger-side window halfway down to speak with Trooper Goodman. When he did so, Trooper Goodman smelled an odor of burnt marijuana emanating from the vehicle. Trooper Goodman also noticed that Duke was "really, really fidgety" like he was under the influence of a stimulant.

Trooper Goodman asked Duke for his license and registration. Duke indicated that his license was in a bag located in the bed of the truck. While Duke was in the process of retrieving his license, Trooper Goodman asked if Duke had weapons or anything illegal in his truck. Duke indicated he did not. When Trooper Goodman asked for consent to search the vehicle, Duke refused. At that point, Trooper Goodman requested the assistance of Trooper Chase Melder and his drug dog.

The drug dog alerted on the vehicle. Trooper Goodman inspected the vehicle and noticed that the secondary gas tank had been tampered with. The truck was then taken to the police station where a more thorough search was conducted. During the search, Officers found a bag containing ten pills (Adderall and Xanax) in the cab of the vehicle and discovered seventeen pounds of marijuana in the secondary gas tank under the vehicle.

Duke was subsequently charged with possession of marijuana with intent to deliver.[1]

Prior to trial, Duke moved to suppress the evidence, claiming that Trooper Goodman (1) lacked probable cause to initiate the traffic stop and (2) improperly prolonged the traffic stop without reasonable suspicion for the purpose of conducting a dog sniff. A hearing on the motion to suppress was held, wherein the above-referenced evidence was presented to the trial court. The trial court denied Duke's motion to suppress, finding that Trooper Goodman's detention of Duke to conduct the dog sniff was supported by individualized suspicion.

Duke appeals the trial court's denial of the motion to suppress, arguing that Trooper Goodman lacked reasonable suspicion for the prolonged detention necessary to conduct the dog sniff of his vehicle. More specifically, he argues that the routine tasks associated with the traffic stop for speeding had been completed prior to the dog sniff, that Trooper Goodman articulated his claim of smelling burnt marijuana only after Duke had refused to consent to a search of the vehicle, and that, based on the totality of the circumstances, Trooper Goodman's claim was not credible and was simply an attempt to justify Duke's continued detention.

We begin our analysis by noting that the initial stop was legal, and Duke does not appear to contest that issue on appeal. Trooper Goodman testified that Duke was traveling 74 miles per hour in a 70 mile-per-hour zone. *See* Ark. Code Ann. § 27-51-201 (Repl. 2010). The legality of the stop, accordingly, is not an issue in this appeal.

---

[1] He was not charged with possession of the Xanax or Adderall, nor was a speeding ticket ever issued.

What is at issue is whether the reasonable, articulable suspicion was actually developed before the legitimate purpose of the stop had been completed or whether it was fabricated to justify the stop. Trooper Goodman testified that he smelled an odor of burnt marijuana when he first approached the vehicle. Duke asserts that Trooper Goodman's testimony simply was not credible. Duke points to several facts to support his argument: (1) that while Trooper Goodman testified that he smelled an odor of burnt marijuana, no evidence of marijuana—burnt or unburnt—was found in the cab of the truck where the odor allegedly emanated; (2) that Trooper Goodman testified that burnt and unburnt marijuana have different odors; and (3) that the recovered marijuana was unburnt. Duke is essentially asking that this court substitute its credibility determination for that of the circuit court. We deny this request. Here, the trial court found the testimony of the trooper credible, and we defer to the superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing. *See Medlock v. State*, 2016 Ark. App. 282, at 9.

For the foregoing reasons, we affirm.

KINARD and HIXSON, JJ., agree.

*Laws Law Firm, P.A.*, by: *Hugh R. Laws*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.