

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-17-223

|  |  |  |
|---|---|---|
| TONY WILLIAM FOSTER | APPELLANT | **Opinion Delivered:** November 15, 2017 |
|  |  | APPEAL FROM THE POLK COUNTY CIRCUIT COURT |
| V. |  | [NO. 57CR-16-9] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY RYAN, JUDGE |
|  |  | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Tony Foster appeals from his conditional plea of guilty to the charges of possession of methamphetamine with the purpose to deliver and possession of drug paraphernalia. He was sentenced to twenty-five years' imprisonment. Appellant argues that the court erred in denying his motion to suppress. We affirm.

On January 9, 2016, Officer Daniel Sanchez of the Mena Police Department initiated a traffic stop on appellant after seeing appellant driving on Cherry Street northbound into Wal-Mart's parking lot with an expired license plate. Officer Sanchez approached appellant's vehicle and asked appellant for his license, insurance, and registration. Appellant was unable to produce the documents and was given citations for those three violations. Appellant was subsequently arrested because he was driving on a suspended license. Officer Sanchez called for the wrecker to come and tow appellant's vehicle and began an inventory

search of the vehicle prior to the wrecker's arrival. While in the process of the search, Officer Sanchez noticed a partially zipped nylon bag on the passenger seat. He saw a "little plastic bag" in the middle of the bag and proceeded to open the bag. He used his flashlight and identified the substance in the plastic bag as methamphetamine. Further search of the nylon bag revealed nine other plastic bags containing different amounts of methamphetamine. Appellant was charged with possession of methamphetamine with intent to deliver and possession of drug paraphernalia.

Prior to trial, appellant filed a motion to suppress the evidence, claiming that Officer Sanchez exceeded the purpose of the stop once he issued citations to appellant. The motion also claimed that "it was inappropriate for the officer to use the misdemeanor citations to constitute a 'lawful arrest' without a search warrant such as to authorize him to conduct a search of the vehicle under Rule 12.1 and that even if warranted the search exceeded the purpose of an inventory search as set forth by Rule 12.6[.]" A hearing on appellant's suppression motion took place on November 23, 2016.

Officer Sanchez testified that he was familiar with appellant because he had stopped appellant on December 31, 2015, due to expired tags on appellant's vehicle. He stated that at the time of the stop, appellant's license was suspended and appellant did not have insurance. However, he said that he had allowed appellant to go home and park his vehicle without issuing appellant any citations. He testified that appellant was only half a block from home and that he told appellant to go park the vehicle and not drive it any more. Officer Sanchez said that he saw appellant approximately two weeks later near Cherry Street turning into Wal-Mart. He stated that he followed appellant and initiated his lights once

appellant had pulled into a parking spot.[1]  He said that he issued appellant citations for not having a license, insurance, or registration.  He testified that it was normal department policy to arrest someone driving on a suspended license.  He admitted that he did not do it in December.  He also stated that he saw appellant driving at other times when he was off duty but could not do anything about it.  He was questioned about Mena's inventory-search policy.[2]  He said that he called for the wrecker and then proceeded to conduct an inventory of appellant's vehicle.  Officer Sanchez testified that he was assisted with the inventory search by Sergeant Eudell Head, who arrived at the traffic stop shortly after Officer Sanchez contacted him and asked him to come to the location.  He stated that there were two cell phones located in appellant's vehicle that were taken into evidence.  He said that they were

---

[1]An auxiliary officer, Officer Andy Baron, was with Officer Sanchez on this date.

[2]The policy states in pertinent part:

A. The inventory search shall include all spaces within the vehicle and the trunk or bed of the vehicle and shall include an inventory of all containers therein, including those that are closed or locked.

B. If valuables are located inside the vehicle or a container therein, which should be stored separately from the vehicle, it is the duty of the law enforcement officer conducting the inventory to record the nature of the valuable item, the condition of the valuable item, and the location where this item is stored. The inventory details shall be attached to the incident report and a copy of the inventory should be made available to the owner of the vehicle or the driver of the vehicle if requested.

C. A vehicle inventory tow-in report will be completed when an officer assumes responsibility for towing a vehicle.

D. Prior to the vehicle being removed, officers will obtain the signature of the tow truck driver on the inventory report.

E. No vehicles will be intentionally damaged during the inventory.

not listed on the inventory list because it must have slipped his mind to list them. Officer Sanchez said that although he prepared the inventory list, Sergeant Head signed it along with the tow-truck driver.

Officer Sanchez was also asked about Mena's towing policy.[3] He stated that whether a person's license is suspended or cancelled does not matter because the outcome is the same in that the person cannot drive. He said that at the time he arrested appellant, there was no other driver present to drive appellant's vehicle. He testified that it was Mena's policy to tow the vehicle if a person was arrested.

---

[3]The policy states in pertinent part:

A. Towing of Vehicles

. . . .

(6) Suspended Driver's License/No Driver's License: The vehicle will be towed by the wrecker service at the top of the City rotation list and a vehicle inventory will be performed. Exception: The driver may be cited and released and any sober, licensed driver present may drive the vehicle with the operator's permission.

. . . .

(8) Vehicles abandoned on private property may be subject to towing by the owner of the property. The owner of the property will be required to contact the wrecker service of their choice. We will not assist in calling the wrecker and no vehicle inventory will be performed.

. . . .

C. Vehicle Inventory

(1) Vehicles that are towed at the request of the owner/operator or vehicles that are left legally parked will not be inventoried; officers are reminded of the "plain view doctrine" and limitations upon the authority to search incidental to a lawful arrest[.]

The court took the matter under advisement and issued an order on December 2, 2016, denying appellant's motion. Appellant entered a conditional plea on December 12, 2016, and was sentenced to twenty-five years in the Arkansas Department of Correction. He filed a timely notice of appeal. This appeal followed.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings.[4] We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence.[5]

Appellant argues that Officer Sanchez did not follow the Mena Police Department policy in a number of ways: (1) by arresting appellant for no driver's license instead of issuing a citation, (2) by not allowing appellant to contact someone to drive his vehicle or to pick the tow service of appellant's choice, (3) by towing appellant's vehicle which was legally parked on private property, (4) by not listing the two cell phones found in appellant's vehicle or the nylon bag on the inventory list, and (5) by not signing the inventory list.

An officer who is making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused to furnish appropriate custodial care if the accused is jailed.[6] Rule 12.6(b) of the Arkansas Rules of Criminal Procedure provides that

---

[4]*Johnson v. State*, 2015 Ark. 387, 472 S.W.3d 486.

[5]*Id.*

[6]Ark. R. Crim. P. 12.1(c) (2016).

"[a] vehicle impounded in consequence of an arrest, or retained in official custody for other good cause, may be searched at such times and to such extent as is reasonably necessary for safekeeping of the vehicle and its contents." Police officers may conduct a warrantless inventory search of a vehicle that is being impounded to protect an owner's property while it is in the custody of the police, to ensure against claims of lost, stolen, or vandalized property, and to guard the police from danger.[7] An inventory search, however, may not be used by the police as a guise for general rummaging for incriminating evidence.[8] Thus, the police may impound a vehicle and inventory its contents only if the actions are taken in good faith and in accordance with standard police procedures or policies.[9]

Here Officer Sanchez testified that it was the policy of the Mena Police Department to arrest individuals driving with suspended licenses. Therefore, he did not violate department policy by arresting appellant. Once appellant was found to have a suspended license, it was also department policy that the vehicle be towed. Appellant was the only occupant in the vehicle, and the policy did not require Officer Sanchez to give appellant the opportunity to contact someone to drive his vehicle because he was arrested and the exception only comes into play if a driver is cited and released. Additionally, appellant's vehicle was not being towed at his request or the request of the owner of Wal–Mart; thus, there was no reason for appellant to choose the towing company. Although appellant's vehicle was in a parking spot at Wal–Mart, it was not error for Officer Sanchez to have the

---

[7]*Thompson v. State*, 333 Ark. 92, 966 S.W.2d 901 (1998).

[8]*Id.*

[9]*Id.*

vehicle towed after arresting appellant as department policy required such if the driver had a suspended license. Once Officer Sanchez decided to arrest appellant and tow the vehicle, he was required to inventory the vehicle and this included looking in the nylon bag that was half zipped. Thus, Officer Sanchez did not exceed the scope of the inventory search. To the extent that appellant complains about items missing from the inventory list or Officer Sanchez's name not being signed on the list, these arguments have no bearing on whether his suppression motion should have been granted. There is no indication that any of appellant's valuables came up missing or that anything improper happened to his property. And it is of no consequence that Officer Sanchez did not sign the inventory because his sergeant, who was present during the search, did sign it as well as the tow-truck driver. Accordingly, we affirm.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Michael Hamby, P.A.*, by: *Michael Hamby*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.