MIKE MURPHY, Judge
On March 28, 2017, appellant Derrick Johnson was found guilty by a Faulkner County jury of fifteen counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. On appeal, Johnson claims that the circuit court erroneously denied his motion to suppress evidence found on his mobile phone. We affirm. This case began when an eleven-year-old girl, M.P., made allegations to the police that Johnson had, on multiple occasions, touched her breasts under her clothes, her vagina over her clothes, and on one occasion, slid his cell phone under a closed door ostensibly to video her and her six-year-old sister changing out of their swimsuits. Johnson was later acquitted on the sexual-assault charges; however, in the process of investigating these allegations, child pornography was discovered on one of Johnson's cell phones.
Johnson first moved to suppress the evidence found on the phone, alleging the search-warrant affidavit erroneously stated that it was seized from Johnson's house when it was really seized from his person. The court granted this motion. Following this ruling, the investigator, Kandis Rikard, requested a new search warrant to search the contents of the phone. The affidavit in support of the warrant was substantially similar to the prior warrant with the exception of an additional paragraph stating that the phone was found incident to an arrest. The court signed this warrant and again Johnson brought a motion to suppress. Finding that the motive to obtain this warrant did not come from material obtained as part of an illegal search, the circuit court denied the motion. It is this denial that is the subject of the present appeal.
In reviewing the denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. Johnson v. State , 2015 Ark. 387, at 3, 472 S.W.3d 486, 488. A finding is clearly erroneous when, even if *770 there is evidence to support it, the appellate court, after reviewing the entirety of the evidence, is left with a definite and firm conviction that a mistake has been made. Id.
A warrant is generally required before a search of a cell phone, even when the cell phone is seized incident to arrest. Riley v. California , --- U.S. ----, 134 S.Ct. 2473, 2493, 189 L.Ed.2d 430 (2014). Arkansas Rule of Criminal Procedure 13.1 controls the issuance of search warrants. One requirement to issue a warrant is that it must be supported by an affidavit that establishes probable or reasonable cause to believe the things subject to seizure will be found in the place identified. Johnson, supra . When that affidavit relies on hearsay, the affiant must set forth facts bearing on the informant's reliability and shall disclose how the information was obtained. Ark. R. Crim. P. 13.1(b). In determining the adequacy of the affidavit, the task of the issuing magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying the hearsay information, there is a fair probability that evidence of a crime will be found in a particular place. Id. On appeal, the duty of the appellate court is to simply ensure that the magistrate had a substantial basis for concluding probable cause existed. Id.
Johnson's argument that the circuit court erred in denying his motion to suppress has two prongs. First, he asserts that it was error for the court to find that the affidavit in support of the search warrant established reasonable cause because the affidavit does not establish the reliability of the hearsay declarant's allegations or provide any allegations that would demonstrate that the cell phone held evidence of sexual indecency with a minor.
According to the affidavit, Melissa Driver, the mother of the two minor victims, was approached by her eleven-year-old daughter, M.P., and was told that Johnson had "touched her breasts under her clothes and touched her vagina on top of her clothes on multiple dates and times." Driver also suspected her six-year-old daughter, J.P., had been assaulted. Based on this, Driver contacted investigators. The affidavit shows that the children were taken to a local child-advocacy center where Melissa Moore conducted a "Child First Forensic Interview." It was in that interview that M.P. disclosed having been touched inappropriately and that Johnson had slid his cell phone under a closed door with the video application running while she and her sister were changing clothes. These are all facts that bear on the various informants' reliability and disclose how the information was obtained. Further, failure to establish the bases of knowledge of the informant is not a fatal defect if the affidavit viewed as a whole "provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place." Winters v. State , 89 Ark. App. 146, 156, 201 S.W.3d 4, 12 (2005). Here, the affidavit contains allegations by M.P. that Johnson had slid a phone that was recording under a door while she was changing out of a swimsuit. This provides a sufficient nexus to the investigators' needs to search any cell phones in Johnson's possession. On these facts, a substantial basis for probable cause existed.
Johnson argues that logic dictates that these allegations do not merit probable cause because a phone slid under a door could necessarily only record either the floor or the ceiling. This is not persuasive because the phone could have been slid close enough to the children for the camera to pick up footage of them changing.
*771 Next, Johnson argues that the motive for the search warrant at issue comes solely from the materials obtained from an illegal search. He asserts that under the independent-source doctrine, the images found on the phone should be excluded. There is a two-part test to determine whether the inclusion of illegally obtained information in an affidavit precludes the application of the independent-source doctrine. Lauderdale v. State , 82 Ark. App. 474, 120 S.W.3d 106 (2003). First, the appellate court examines the search warrant by excising the offending information from the probable-cause affidavit and determines whether the affidavit nevertheless supports the issuance of a search warrant; second, the appellate court examines the motivation of the officer or officers who obtained the warrant and determines whether the motivation to obtain the warrant came as a result of discovering the tainted information. Id.
Here, the warrant at issue was almost the same as the warrant that was suppressed. The first warrant was suppressed for stating the phone had been taken during a search of Johnson's residence; the second warrant asserted the phone had been taken from Johnson's person. As discussed, the affidavit supports the issuance of a warrant.
Investigator Rikard stated at the second suppression hearing that her motivation to search the phone was based on M.P.'s statement that Johnson had "stuck a phone underneath the door to try to video her while she's changing out of her bathing suit." To that end, Rikard provided that she then "served simultaneous warrants to get all the technology, cell phones, computers, any type of electronic evidence and have it dumped." Rikard stated that her motive was the same when she filed the affidavit for the second warrant as it was when she filed the affidavit for the warrant that was found to be insufficient. The circuit court did not err in refusing to suppress the evidence.
Affirmed.
Abramson and Gladwin, JJ., agree.