

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–349

| | |
|---|---|
| | **Opinion Delivered** February 18, 2015 |
| JAMAAL DULANE SIMPSON | |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR–2012-704-1] |
| V. | |
| | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REMANDED |

## M. MICHAEL KINARD, Judge

Jamaal Dulane Simpson appeals from his convictions of delivery of a controlled substance (cocaine) and possession of drug paraphernalia, for which he was sentenced as a habitual offender to consecutive prison terms totaling sixty-five years. He contends that the trial court erred in denying his request for a competency hearing and in denying his attorney's motion to withdraw. We find merit in appellant's first point, and we remand for the trial court to hold a hearing to determine whether appellant was fit to proceed to trial.

In February 2013, appellant's attorney filed notice of his intent to raise mental disease or defect as a defense. Pursuant to Arkansas Code Annotated section 5-2-305(a) (Repl. 2013), the trial court ordered that appellant be examined by a psychologist to determine his fitness to proceed and his mental capacity at the time of the alleged offenses. Appellant was seen by Cara Hartfield, Ph.D., on two days in late July 2013. She filed her report in August. Among other things, she found that appellant suffered from major depressive disorder, post-

traumatic stress disorder, cocaine abuse, antisocial personality disorder, borderline personality traits, and mild mental retardation. Ultimately, however, she concluded that appellant had the capacity to understand the proceedings against him and to assist his attorney in his own defense. She also concluded that, although appellant did have a mental defect and may have had a mental disease at the time of the alleged offenses, he did not lack either the capacity to appreciate the criminality of his conduct or the capacity to conform his conduct to the requirements of the law.

In November 2013, appellant and his attorney filed separate motions seeking a competency hearing. Counsel stated that, in light of both Dr. Hartfield's observations in her report and counsel's own observations of appellant in their recent interactions, he believed that there was substantial evidence that appellant was incompetent to stand trial, and he requested a hearing to determine appellant's competency. The trial court noted that appellant had already had two mental evaluations[1] and denied counsel's motion. Appellant challenges the trial court's refusal to grant the requested hearing in his first point on appeal.

Arkansas Code Annotated section 5-2-309 (Repl. 2013) provides:

(a) If the defendant's fitness to proceed becomes an issue, the issue of the defendant's fitness to proceed shall be determined by the court.

(b) If neither party contests the finding of the report filed pursuant to § 5-2-305, the court may make the determination under subsection (a) of this section on the basis of the report.

---

[1]Apparently, the court was referring to the evaluation completed by Dr. Hartfield in this case and another one that the prosecutor alleged had been performed in connection with a separate case in a different county. The record does not contain the other purported evaluation.

SLIP OPINION

(c) If the finding of the report is contested, the court shall hold a hearing on the issue of the defendant's fitness to proceed.

Under section 5-2-309(c), the trial court is obligated to hold a competency hearing if the defendant contests the competency finding in the mental–health professional's section 5-2-305 report. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998).

The State argues that appellant's point is barred because he failed to specifically cite section 5-2-309(c) in his motion and because he did not, in fact, "contest" the report but rather relied upon the observations found in it. We cannot agree. The statute simply requires that one contest the report's "finding." The use of the singular is a clear reference to the ultimate finding of fitness or competency. Appellant in his motion plainly took issue with Dr. Hartfield's finding that he was competent, and he requested a hearing. Under the statute, appellant's motion and request made a hearing mandatory. *See Greene*, *supra*.

Because the hearing was not held and because we find no additional error, *see infra*, a new trial is not required unless it is determined that appellant was incompetent at the time of his trial. Instead, we remand the matter to the trial court for it to hold a hearing to determine whether appellant was competent at the time of his trial. *See Greene*, 335 Ark. at 29–30, 977 S.W.2d at 206. The outcome of that hearing will determine whether the trial court should then order a new trial.

Appellant's remaining point is that the trial court erred in denying his attorney's motion to withdraw that was filed eleven days before the scheduled trial date. In the motion, counsel stated that appellant's best interest was being compromised because appellant had lost confidence in the attorney's representation, disagreed with counsel's interpretation of the law,

and refused to accept counsel's advice that he should accept a plea offer that had been extended by the prosecutor. A supplement to the motion filed a few days later recited that appellant had recently said that he would have physically assaulted his attorney had a locked door not separated them.

While constitutionally guaranteed, the right to counsel of one's choosing is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Thomas v. State*, 2014 Ark. App. 492, 441 S.W.3d 918. The decision whether to grant or deny a motion to allow counsel to withdraw is a matter within the sound discretion of the trial court, whose decision we will affirm in the absence of an abuse of discretion. *Bullock*, *supra*. In addition, a defendant must show that prejudice resulted from the denial of the motion to withdraw. *Wilmoth v. State*, 2009 Ark. App. 432. A court is not required to allow a change in attorneys shortly before a trial date simply because there are differences or disagreements between attorney and client. *Bullock*, *supra*; *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989); *Smith v. State*, 68 Ark. App. 106, 3 S.W.3d 712 (1999).

We find no abuse of discretion in the trial court's decision in this case. Appellant had already changed attorneys once before. The charges had been filed some sixteen months prior to appellant's scheduled trial date. However, as noted, this latest motion to withdraw was filed just eleven days before appellant's trial date. To the extent that appellant relies on his

refusal, contrary to his attorney's advice, to accept the plea offer as evidence that he was prejudiced in this case, we note that the record provided to us does not specify the nature of the offer or the sentence that appellant would have received had he accepted the deal. In any event, we agree with the State that the appropriate question is whether counsel adequately represented appellant, not whether appellant received a longer sentence by going to trial than he might have received had he accepted the State's offer. Even if we were to assume, however, that appellant would have received a lesser sentence had he accepted the plea offer, that fact would actually tend to show that counsel's advice was realistic and practical. *See Burns*, *supra*.

Remanded.

GRUBER and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellees.