

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–540

| | |
|---|---|
| JAMES HALL **APPELLANT** <br><br> V. <br><br> STATE OF ARKANSAS **APPELLEE** | **OPINION DELIVERED** AUGUST 24, 2016 <br><br> APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-13-127-1] <br><br> HONORABLE SAM POPE, JUDGE <br><br> AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

James Hall appealed his Drew County District Court conviction to the circuit court, and on April 23, 2015, he was found guilty by a jury of one count of harassment and two counts of harassing communications. Hall was sentenced to serve ninety days' imprisonment in the Drew County jail and 275 days' suspended upon his compliance with certain conditions when released. His sole argument on appeal is that the circuit court violated his Sixth Amendment right to counsel of his choice. We affirm.

Hall was charged on April 11, 2013, and the district court appointed a public defender, Omar Greene, to represent him. Hall was found guilty on August 29, 2013, in the Drew County District Court on two counts of harassing communications and one count of harassment. He filed an appeal to the circuit court on September 27, 2013, but the appeal was dismissed by order filed August 15, 2014, due to Hall's failure to appear.

SLIP OPINION

Hall filed a pro se motion for reconsideration on August 21, 2014, and alleged that his counsel, Greene, had failed to communicate with him, that Greene had failed to return his telephone calls, and that Greene had failed to communicate any court dates with him. He further alleged that he was still indigent and in need of a court-appointed attorney; that Greene was still "suitable"; and that the public defender's office was "conflicted" from representing him.

Greene filed a supplemental motion for reconsideration of dismissal of appeal, arguing that *Ayala v. State*, 365 Ark. 192, 226 S.W.3d 766 (2006), holds that failure to appear at a pretrial hearing is not proper grounds for dismissal of an appeal from city court to circuit court. The circuit court filed an order setting aside the dismissal on November 12, 2014, and a pretrial hearing was set for January 20, 2015, with a jury-trial date of February 3–6, 2015.

On February 10, 2015, Hall left a telephone message on the circuit court's answering machine. The circuit court judge wrote Hall a letter stating that the court had received Hall's message that he had fired his court-appointed counsel, that he wanted an alternate counsel appointed, and that he would be handling the matter pro se. The letter informed Hall that he could not fire the court-appointed counsel and that he could not represent himself while he was represented by court-appointed counsel. The letter stated that Hall's concerns would be addressed at the next court appearance.

Hall filed a pro se motion for immediate replacement of his court-appointed attorney on February 11, 2015, and he complained that his attorney failed to attend the January 20,

2015 pretrial hearing. He claimed that he could not reach his attorney, that his attorney was "incompetent or uncaring," and that he wanted a new lawyer.

At the hearing on March 13, 2015, Hall complained that Greene had been late or missed several pretrial hearings, and the trial court reminded Hall that Greene had reinstated Hall's appeal in the circuit court. Hall agreed but stated that Greene had reported to the circuit court that he was too tired to drive to the last preliminary hearing and that Greene had reported to Hall that he had been in the emergency room all night with his wife, which Hall claimed that he understood. Nevertheless, Hall continued that Greene "has not had any witness lists from me. We have not prepared for trial." Hall also complained that Greene should have argued at the district-court level that a conflict of interest existed among Hall, the district judge, and the Tenth Judicial Public Defender's Office because of a blog that Hall had been writing. The circuit court explained that Hall could not create his own conflict and then complain about it. Hall continued his argument, complaining that he could not contact Greene. The circuit court stated that Hall had placed a notice of change of address in a civil-case file, while the circuit court was working from the criminal file, and thus, Hall's attempts at notification of his new contact information were not adequate.

Greene stated,

> Well, Judge, I've had trouble communicating with him too. You know, it's a two-way street on that. And then I don't recall him letting me know where he moved. Maybe he did. And he will call me, like, at a time when I'm in a trial or something. And then my secretary will take a message from him. But a lot of time[s] the messages are just, they're, just to be honest, they're just bizarre, I mean, something about somebody threatened him. You know, I wasn't appointed to be his body guard, Your Honor. I mean, what am I supposed to do? Drive down to Drew County and protect him or something. And then on the, where the Court dismissed his appeal, I found a case that said, that his appeal couldn't be dismissed unless he didn't show up for trial. Just not showing up for a pre-trial hearing wasn't

sufficient. And then he had filed a bunch of pre-trial—he had filed a bunch of pro se motions which didn't cite anything that helped him. It just ranted on about a bunch of stuff.

When the circuit court asked Greene whether he had represented Hall in the district court, Greene responded affirmatively, and stated, "And we won on, I don't know how many counts, you know." Greene continued,

And, then, so we filed notice and the rest the Court knows about. You know, I've tried to represent Mr. Hall to the best of my ability. I did do some effective research on the issue of his appeal being dismissed. You know, he is one of the more difficult individuals I've ever represented, including people that are facing the death penalty. You know, so, if he wants me to not represent him anymore . . . .

The circuit court then denied Hall's motion. Hall was convicted after a jury trial held April 22, 2015, on one count of harassment and two counts of harassing communications and sentenced to 365 days' imprisonment in the county jail, with all but ninety days suspended. Hall appealed, arguing that his Sixth Amendment right to counsel of his choice was violated by the circuit court's ruling.

This court has previously stated,

> While constitutionally guaranteed, the right to counsel of one's choosing is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Thomas v. State*, 2014 Ark. App. 492, 441 S.W.3d 918. The decision whether to grant or deny a motion to allow counsel to withdraw is a matter within the sound discretion of the trial court, whose decision we will affirm in the absence of an abuse of discretion. *Bullock*, *supra*. In addition, a defendant must show that prejudice resulted from the denial of the motion to withdraw. *Wilmoth v. State*, 2009 Ark. App. 432. A court is not required to allow a change in attorneys shortly before a trial date simply because there are differences or disagreements between attorney and client. *Bullock*, *supra*; *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989); *Smith v. State*, 68 Ark. App. 106, 3 S.W.3d 712 (1999).

*Simpson v. State*, 2015 Ark. App. 103, at 4, 455 S.W.3d 856, 858.



The Arkansas Supreme Court has stated,

> The Supreme Court has held that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them" and that "a defendant [may not] insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." *Gonzalez-Lopez*, 548 U.S. at 151 (citing *Wheat v. United States*, 486 U.S. 153, 159–60; *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624.

*Arroyo v. State*, 2013 Ark. 244, at 5 n.2, 428 S.W.3d 464, 469 n.2.

In Hall's argument, he recites his pro se motion for reconsideration filed with the circuit court after his appeal from district court was dismissed due to his failure to appear. He acknowledges that Greene filed a supplemental motion and that the circuit court reinstated his appeal but complains that his attorney was late for the hearing. Hall also refers to his pro se motion for immediate replacement of his attorney that was filed on February 11, 2015, in which he stated that Greene had failed to communicate with him. He contends that the record is clear that he had lost confidence in his attorney and that "the attorney-client relationship was in peril." Finally, Hall recites the colloquy from the hearing on his motion, as set forth above. Hall claims that his situation cannot be characterized as a last-minute attempt to delay the trial, as the attorney-client relationship had been deteriorating for months. Further, when balancing his request for a change in counsel against the public's interest in the prompt dispensation of justice, Hall maintains that the charges against him were all misdemeanors, and a new attorney could have been appointed and prepared by the trial date.

Hall cites *Clements v. State*, 306 Ark. 596, 608, 817 S.W.2d 194, 200 (1991), where the Arkansas Supreme Court reversed the trial court's removal of the defendant's appointed counsel, holding that when a trial court terminates the representation of an attorney, either

private or appointed, over the defendant's objection and under circumstances which do not justify the lawyer's removal and which are not necessary for the efficient administration of justice, a violation of the accused's right to particular counsel occurs. Hall contends that *Clements* stands for the importance of the attorney-client relationship, even when the client is indigent. He acknowledges that, instead of his attorney being removed over his objection as was done in *Clements*, the circuit court refused to replace his court-appointed attorney. Nevertheless, Hall claims that the fact that he is indigent and that counsel was appointed for him should not determine whether new counsel may be appointed at his request because he and his counsel could not work effectively together.

The State contends that Hall's argument is unavailing and that his conviction and sentence should be affirmed in all respects. We agree. The State maintains that once an appellant has accepted representation by an attorney, the fact that he is dissatisfied with counsel's efforts does not entitle him to appointment of a different attorney. *Bullock*, *supra*. Further, the State asserts that appointment of new counsel would cause a delay in justice.

We hold that the circuit court did not abuse its discretion in denying Hall's motion for new counsel. Because Greene had represented Hall at the district court as well as the circuit court, he was intimately familiar with Hall's case. Greene had successfully reinstated Hall's case in the circuit court, and he had been Hall's counsel for nearly two years when Hall requested his removal. The circuit court considered these facts, questioned Hall and Greene regarding the circumstances of Hall's complaints, and determined that Hall was not entitled to new counsel. Further, Hall failed to show that he suffered prejudice as a result

of the circuit court's denial of his motion. *Simpson*, *supra*. Accordingly, we hold that no abuse of discretion occurred.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., *Evelyn D. Gomez*, and *Brooke Jackson*, Ass't Att'y Gen., for appellee.