Cite as 2025 Ark. App. 519

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-63

| | | |
|---|---|---|
| JAMES KELLY | | Opinion Delivered October 29, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SEVIER COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. 67CR-23-1] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE TOM COOPER, |
| | | JUDGE |
| | | |
| | | AFFIRMED; MOTION TO |
| | | WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant James Kelly appeals after he was convicted by a Sevier County Circuit Court jury of simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, and possession of drug paraphernalia.[1] He was sentenced as a habitual offender to serve an aggregate of six hundred months' imprisonment in the Arkansas Division of Correction. Appellant's appellate counsel has filed a no-merit brief[2] and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3 and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without

---

[1]He was acquitted of possession of a firearm by certain persons.

[2]We previously ordered rebriefing because appellate counsel failed to discuss all adverse rulings in his no-merit brief; appellate counsel has since corrected this mistake, and we can now address the issues presented in his substituted no-merit brief now before us. *Kelly v. State*, 2025 Ark. App. 17.

merit. The motion is accompanied by a brief that is alleged to include (1) a statement of the case containing all rulings adverse to the appellant made by the circuit court and the page number where each adverse ruling is located in the appellate record and (2) an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court mailed a copy of counsel's motion and no-merit brief to appellant's last-known address informing him of his right to file pro se points for reversal. Appellant has filed pro se points, and consequently, the attorney general filed a responsive brief. We grant counsel's motion to withdraw and affirm the convictions.

## I. *Relevant Facts*

Appellant was charged by amended criminal information with simultaneous possession of drugs and firearms, a Class Y felony, in violation of Arkansas Code Annotated section 5-74-106 (Repl. 2016); possession of methamphetamine with purpose to deliver (10g to 200g), a Class A felony, in violation of Arkansas Code Annotated section 5-64-420(a)(b)(3) (Supp. 2023); possession of a firearm by a restricted person, a Class B felony, in violation of Arkansas Code Annotated section 5-73-103 (Supp. 2023); and possession of drug paraphernalia, a Class D felony, in violation of Arkansas Code Annotated section 5-64-443 (Supp. 2023). The State further stated that appellant's sentence should be enhanced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Supp. 2023).

At appellant's January 5, 2023, arraignment hearing, appellant argued that his constitutional right had been violated and requested that the sheriff give him "the body cam and dash cam and everything subpoenaed for this purpose[.]" The circuit court denied his request and stated, "Mr. Kelly, this is not the place or time to be talking to the sheriff about what you're asking about. Now if you're wanting to subpoena information in defense of your case, that's what you discuss with your attorney."

At a pretrial hearing on August 24, 2023, appellant asked that he be allowed to "change attorneys because [defense counsel] started telling me that what I done did and I done told him that I'm innocent, but he telling me what they got on me; that ain't helping me, and done said this more than once." The circuit court denied his request for a different attorney but told him that he was free to retain his own attorney before trial if he was not satisfied with his current public defender.

On October 12, 2023, appellant's trial counsel requested a suppression hearing "regarding the constitutionality of his seizure of his phone." Trial counsel later clarified that he moved to "suppress the search of the cellphone." At the suppression hearing, Special Agent John Jones testified. He explained that he and Agent Greg Harper had been patrolling and looking for criminal narcotics activity on November 25, 2022. Agent Jones explained that he came into contact with a man at a car wash who told them he had just purchased some methamphetamine from appellant. Agent Jones knew appellant had an active warrant for his arrest; therefore, he asked this man to call appellant and ask to purchase more methamphetamine, which the man did while Agent Jones listened. The man arranged for

3

appellant to deliver the methamphetamine to him at the Dollar General in Horatio, Arkansas. Agent Jones drove to, and parked near, appellant's residence while Agent Harper and the man traveled to Dollar General.

Agent Jones testified that he watched appellant leave his residence on a bicycle, and he then stopped appellant. He informed appellant that he was under arrest and performed a search incident to arrest. During that search, Agent Jones seized appellant's cell phone and a small bag of methamphetamine. After advising appellant of his *Miranda* rights, appellant told Agent Jones that he had drug paraphernalia in the RV in which he resided. Agent Jones obtained a search warrant for the RV, and after his search, he transported appellant back to the station. Appellant waived his rights again and gave a recorded statement.

On August 4, 2023, officers obtained a search warrant to search the contents of the phone that was seized during appellant's arrest. Copies of the warrant and application were admitted into evidence without objection. The affidavit accompanying the application detailed the man's call to appellant asking him to bring methamphetamine to Dollar General. It further noted that appellant was carrying methamphetamine when he was arrested, that appellant said that he had drug paraphernalia at his residence, that appellant admitted selling methamphetamine because he had lost his job, and that a cell phone was seized from appellant when he was arrested.

Appellant testified that he objected to the search of his cell phone because he "was in the street when they got me and they violated my Fourth Amendment rights." He claimed

that he did not live at the RV, that there was no probable cause to "search there," and that the "original search warrant" had expired. When asked if there were any other objections to the search of his cell phone, appellant stated that he had none.

The circuit court denied appellant's motion to suppress and stated the following:

I find there was probable cause pursuant to the search warrant, the search of the phone based on, not so much the language that is in the search warrant. That is just standard language when it just talks about all search warrants, or all defendants use that. I am not basing it on that. I am basing it on the language in the search warrant wherein he was contacted by, James Kelly was contacted by a cell phone, and James Kelly started responding to it, just as the officer testified. I think that gives probable cause, along with the other things in there, to search the Defendant's phone.

At the conclusion of the hearing, the circuit court explained the procedure for trials after COVID-19 since appellant's trial counsel had not recently had a trial before that court. Appellant thereafter asked the court, "How are you-all gonna give me an attorney that ain't had a jury trial in so long and y'all are trying to tell me that he is fit to be my lawyer?" The circuit court again denied appellant's request and simply stated that it would see everyone at trial and concluded the hearing.

A jury trial was held on October 16, 2023. Agent Jones's testimony was consistent with his testimony at the suppression hearing, which we will not repeat. Agent Jones reiterated that appellant acknowledged he had methamphetamine on him when he was arrested and admitted he had drug paraphernalia inside his RV. At that time, appellant further admitted that he was going to Dollar General to sell the methamphetamine he had on him. After obtaining a search warrant to search the RV, Agent Jones went to appellant's residence. He explained that appellant's girlfriend was there at the time. He found three

5

firearms, more methamphetamine, and drug paraphernalia (including bags, scales, and a smoking device) inside. The methamphetamine was found inside a YETI can that had a fake top on it. Many pictures of the RV and the evidence seized were admitted into evidence without objection. However, trial counsel objected to the admission of a picture of the methamphetamine on a digital scale at Agent Jones's office, which he used to "get a presumptive weight of the substance." Trial counsel argued that the scale was not calibrated and did not meet the "scientific criteria." He further argued that the Arkansas State Crime Laboratory (ASCL) should be the one to testify as to any weight and that the reading on the scale needed to be covered up. The circuit court overruled the objection and stated that the objection went to "weight, not the admissibility." Trial counsel further objected on the basis of hearsay, and the circuit court overruled on that basis without further comment.

A portion of appellant's recorded station interview after he was arrested was played for the jury. During the interview, appellant admitted that he sells methamphetamine and that he had two sets of scales inside the RV even though Agent Jones found only one inside the RV. Appellant explained that although he did not own the RV, he lived there, and the electricity bill was in his name. He further admitted that the methamphetamine found was his and denied that any of it belonged to his girlfriend. Regarding the three firearms, appellant explained that he had the rifle because he was repairing the stock for a friend, he acquired one pistol in exchange for a loan he made to someone that he never collected, and the small derringer pistol came from someone who now lives in Oklahoma.

Agent Jones testified that he used extraction software to search the cell phone that was seized when appellant was arrested. The extraction report was admitted into evidence without objection. During Agent Jones's testimony regarding the contents of the report, appellant's counsel objected and argued that "we are kind of getting into the 404(b) . . . [and] the prejudice outweighs any value." The objection was overruled. Agent Jones testified that the report included several messages arranging sales of narcotics and that appellant had used the code word "groceries" when he was referring to narcotics.

Officer Scott Bradshaw testified that he transported some of the evidence obtained in this case to the ASCL, and Agent Greg Harper testified that he retrieved that evidence after the ASCL had completed its analysis.

Marissa Teske, a forensic chemist at the ASCL, confirmed that one of the bags containing a crystalline substance tested positive for methamphetamine. Appellant's trial counsel objected to her testimony and argued that Ms. Teske should not be allowed to use the notes she had with her. The circuit court overruled the objection and explained that she could use any notes she contemporaneously made during her analysis to refresh her memory. Ms. Teske stated that she received a total of six bags of a crystalline substance and one bag of tablets. The bag that tested positive for methamphetamine weighed 16.9418 grams. She explained that she did not test any of the other bags because that bag had weighed over 10 grams, and she knew that all the bags retrieved did not weigh more than 200 grams.

After the State rested its case, appellant's trial counsel moved for a directed verdict and renewed his motion for a directed verdict after he rested without presenting any

7

witnesses. Trial counsel simply argued that the "State ha[d] not proved their case beyond a prima facie case." The circuit court denied his motion, and the jury found appellant guilty of simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, and possession of drug paraphernalia.[3] He was sentenced as a habitual offender to serve an aggregate of six hundred months' imprisonment in the Arkansas Division of Correction. This appeal followed.

## II. *Sufficiency*

We agree with appellate counsel that there would be no merit to any challenge to the sufficiency of the evidence because any argument is simply not preserved. Rule 33.1 of the Arkansas Rules of Criminal Procedure provides the following in relevant part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

---

[3]He was acquitted of possession of a firearm by a restricted person.

It is well settled that Rule 33.1 is strictly construed. *Richardson v. State*, 2020 Ark. App. 25, 595 S.W.3d 1. A general motion does not satisfy the requirements of specificity mandated in Rule 33.1. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428. The reason underlying this rule is that when specific grounds are stated and the proof is pinpointed, the circuit court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Scott v. State*, 2015 Ark. App. 504, 471 S.W.3d 236. Our appellate courts have been steadfast in our holdings that we will not address the merits of an appellant's insufficiency argument when the directed-verdict motion is not specific. *Daniels*, *supra*. Further, a party cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Id.* All arguments made below but not raised on appeal are abandoned. *Echoles v. State*, 2017 Ark. App. 352, 524 S.W.3d 417.

Here, appellant's trial counsel simply argued that the "State ha[d] not proved their case beyond a prima facie case." Because this general motion does not satisfy the requirements of specificity mandated in Rule 33.1, any challenge to the sufficiency of the evidence is not preserved for our review.

III. *Arraignment*

At appellant's January 5, 2023, arraignment hearing, appellant argued that his constitutional right had been violated and requested that the sheriff give him "the body cam and dash cam and everything subpoenaed for this purpose[.]" The circuit court denied his

request and stated, "Mr. Kelly, this is not the place or time to be talking to the sheriff about what you're asking about. Now if you're wanting to subpoena information in defense of your case, that's what you discuss with your attorney." We agree that there is no merit to any argument that the circuit court erred in this regard. Appellant was represented by counsel. A defendant who invokes his right to counsel before trial by retaining an attorney or accepting appointment of counsel may be found to have waived his right to self-representation at trial and also in pretrial proceedings. *Brown v. Gibson*, 2012 Ark. 285, 423 S.W.3d 34 (per curiam). There is no right to hybrid representation. *Id.* Because appellant was represented by appointed counsel, he was not entitled to simultaneously act as his own attorney. *Bennion v. State*, 2022 Ark. App. 290, 645 S.W.3d 37.

IV. *Requests to Appoint New Counsel*

Appellant made two requests to appoint new counsel. The first request occurred at a pretrial hearing on August 24, 2023. Appellant asked that he be allowed to "change attorneys because [defense counsel] started telling me that what I done did and I done told him that I'm innocent, but he telling me what they got on me; that ain't helping me, and done said this more than once." The circuit court denied his request for a different attorney but told him that he was free to retain his own attorney before trial if he was not satisfied with his current public defender. The second request occurred at the conclusion of the suppression hearing. The circuit court explained its post-COVID-19 trial procedure to appellant's trial counsel since counsel had not recently had a trial before the court. Appellant thereafter asked the court, "How are you-all gonna give me an attorney that ain't had a jury

10

trial in so long and y'all are trying to tell me that he is fit to be my lawyer?" The circuit court denied appellant's second request for new counsel and simply stated that it would see everyone at trial and concluded the hearing.

A defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution and is also guaranteed by article 2, section 10 of the Arkansas Constitution. While constitutionally guaranteed, the right to counsel of one's choosing is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Moreover, once competent counsel is obtained, any request for a change in counsel must be considered in the context of the public's interest in the prompt dispensation of justice. *Id.* Additionally, once an appellant has accepted representation by an attorney, the fact that he is dissatisfied with counsel's efforts does not entitle him to appointment of a different attorney. *Id.*; *Hall v. State*, 2016 Ark. App. 351, 498 S.W.3d 342. The decision whether to grant or deny a motion to allow counsel to withdraw is a matter within the sound discretion of the circuit court, whose decision we will affirm in the absence of an abuse of discretion. *Simpson v. State*, 2015 Ark. App. 103, 455 S.W.3d 856. In addition, a defendant must show that prejudice resulted from the denial of the motion to withdraw. *Id.*

Here, the circuit court determined that appellant did not give adequate reasons for requesting a new attorney and that there was nothing in the record to indicate that trial counsel's performance was incompetent, unprofessional, or ineffective. Rather, trial counsel

11

gave appellant a frank assessment of his case after considering the overwhelming evidence of appellant's guilt. The Sixth Amendment does not guarantee that an appointed attorney establish an exemplary rapport with the accused, nor does it guarantee an accused a "meaningful attorney-client relationship." *Morris v. Slappy*, 461 U.S. 1, 14 (1983); *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989). Accordingly, we agree that there is no merit to arguing that the circuit court abused its discretion in denying appellant's requests for new counsel.

V. *Motion to Suppress*

Appellant's trial counsel moved to "suppress the search of the cellphone." During appellant's testimony at the suppression hearing, appellant stated that he objected to the search of his cell phone because he "was in the street when they got [him] and they violated [his] Fourth Amendment rights." He claimed that he did not live at the RV, that there was no probable cause to "search there," and that the "original search warrant" had expired. When asked if there were any other objections to the search of his cell phone, appellant stated that he had none.

The circuit court denied appellant's motion to suppress and stated the following:

I find there was probable cause pursuant to the search warrant, the search of the phone based on, not so much the language that is in the search warrant. That is just standard language when it just talks about all search warrants, or all defendants use that. I am not basing it on that. I am basing it on the language in the search warrant wherein he was contacted by, James Kelly was contacted by a cell phone, and James Kelly started responding to it, just as the officer testified. I think that gives probable cause, along with the other things in there, to search the Defendant's phone.

12

Our standard of review for suppression challenges is that we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Johnson v. State*, 2015 Ark. 387, 472 S.W.3d 486. We defer to the superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing, and we reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Id.* A finding is clearly erroneous, even if there is evidence to support it, when the appellate court, after review of the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Appellate counsel argues that there would be no merit to challenging the circuit court's denial of appellant's motion to suppress the search of his cell phone, and we agree. Appellant's cell phone was found and seized when he was arrested on an active warrant. According to Agent Jones, the cell phone was kept in evidence until after a search warrant had been obtained to run the extraction software. The circuit court ruled that law enforcement had established probable cause to obtain a search warrant for the cell phone, and we agree with that ruling.

Arkansas Rule of Criminal Procedure 13.1(b) states that an "application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized[.]" It must be supported by affidavit or testimony before a judicial officer "particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be

searched." *Id.* "An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place." *Id.* The task of the judge issuing a search warrant is to make a "practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *King v. State*, 2019 Ark. 114, at 5, 571 S.W.3d 476, 479 (omission in original); *see also Smith v. State*, 2022 Ark. 95.

Here, the search-warrant application with the accompanying affidavit and the search warrant were admitted into evidence at the suppression hearing. The affidavit detailed the call to appellant asking him to bring methamphetamine to Dollar General, that appellant was carrying methamphetamine when arrested, that appellant admitted he had drug paraphernalia in the RV, that appellant admitted selling methamphetamine because he had lost his job, and that a cell phone was seized from appellant when arrested. Given these facts, we agree that the circuit court's conclusion that the affidavit established probable cause for a search of the cell phone was not clearly against the preponderance of the evidence, and there would be no merit to a challenge of the circuit court's decision on appeal.

## VI. *Other Evidentiary Objections*

There were three other evidentiary adverse rulings addressed by appellate counsel in his no-merit brief. The admission or rejection of testimony is a matter within the circuit court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to the defendant. *Gonzales v. State*, 2019 Ark. App.

14

600, 589 S.W.3d 505. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id.*

### A.  Picture of the Methamphetamine on a Scale

First, trial counsel objected to the admission of a picture of the methamphetamine on a digital scale at Agent Jones's office, which he used to "get a presumptive weight of the substance." Trial counsel argued that the scale was not calibrated and did not meet the "scientific criteria." He further argued that the ASCL should be the one to testify as to any weight and that the reading on the scale needed to be covered up. The circuit court overruled the objection and stated that the objection went to "weight, not the admissibility." Trial counsel further objected on the basis of hearsay, and the circuit court overruled on that basis without further comment.

Appellate counsel argues in his no-merit brief that there would be no merit to a challenge of the circuit court's ruling because the evidence was not hearsay and did not violate the best-evidence rule. Agent Jones explained that the weight shown in the picture was only the presumptive weight and not the actual weight. Accordingly, the picture was not offered to prove the actual weight of the contraband. Since the evidence was not admitted for the truth of the matter asserted, it was not hearsay. Ark. R. Evid. 801. Further, the best-evidence rule is not applicable under these facts. Arkansas Rule of Evidence 1002 states, "To prove the content of a . . . photograph, the original . . . photograph is required, except as otherwise provided in these rules or by [rules adopted by the Supreme Court of this state

15

or by] statute." Arkansas Rule of Evidence 1003 provides that a copy of a photograph is admissible unless a genuine question is raised as to the copy's authenticity or unless it would be unfair to admit the duplicate in lieu of the original. Trial counsel did not raise any questions regarding the authenticity of the copy or the fairness of admitting the copy over the original. Accordingly, we agree with appellate counsel that the circuit court did not abuse its discretion in admitting the photograph into evidence.

## B. Cell-Phone Extraction Report

Next, we agree that the circuit court did not abuse its discretion in allowing Agent Jones to testify regarding the contents of the cell-phone extraction report after the report had already been admitted into evidence without objection. Trial counsel objected on the basis that the testimony violated Arkansas Rules of Evidence 404(b) and 403, which the circuit court overruled.

Arkansas Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Therefore, evidence is not admissible under Rule 404(b) simply to show a prior bad act. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. Rather, the test for admissibility under Rule 404(b) is whether the evidence is independently relevant, which means it must have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.* Any

16

circumstance that links a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible under Rule 404(b). *Id.*

The analysis of whether evidence is admissible under Rule 404(b) is not resolved in a vacuum. *Gonzales, supra.* While evidence of other crimes or bad acts may be independently relevant and therefore admissible under Rule 404(b), that evidence must also be probative and satisfy Rule 403. This court gives considerable leeway to the circuit court to determine whether the circumstances of the prior crimes and the crimes at hand are sufficiently similar to warrant admission under Rule 404(b). *See Vance, supra*; *Sasser v. State*, 321 Ark. 438, 902 S.W.2d 773 (1995). When offered as Rule 404(b) evidence, the prior bad act need not have the degree of similarity that is required for evidence of modus operandi. *Fells v. State*, 362 Ark. 77, 207 S.W.3d 498 (2005).

Arkansas Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Our supreme court has noted that evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. *Vance, supra*; *Rounsaville v. State*, 2009 Ark. 479, 346 S.W.3d 289. Nevertheless, the evidence should not be excluded under Rule 403 unless the defendant can show that the evidence lacks probative value in view of the risk of unfair prejudice. *Vance, supra.* This court reviews a circuit court's ruling under Rule 403 for an abuse of discretion. *Id.* While the Rule 404(b) evidence here may have been prejudicial, as

most Rule 404(b) evidence is, the question under Rule 403 is whether its probative value was substantially outweighed by the danger of unfair prejudice.

We agree with appellate counsel that the evidence here was independently relevant under Rule 404(b) and that its probative value was not substantially outweighed by the danger of unfair prejudice. Appellant was charged and convicted of possession of methamphetamine with the purpose to deliver. *See* Ark. Code Ann. § 5-64-420. Our appellate courts have held on a number of occasions that evidence of prior sales of contraband is independently relevant on the issue of purpose when the accused is charged with possession of contraband with the purpose to deliver, and we cannot say that this evidence was unfairly prejudicial. *See Turner v. State*, 2009 Ark. App. 822. Accordingly, we agree that there would be no merit to a challenge of the circuit court's ruling on this issue.

### C. Ms. Teske's Notes

Appellant's trial counsel objected to Ms. Teske's use of the notes she had with her during her testimony. The circuit court overruled the objection and explained that she could use any notes she contemporaneously made during her analysis to refresh her memory. Appellate counsel argues that there would be no merit to a challenge of the circuit's court's decision, and we agree. Arkansas Rule of Evidence 612(a) permits a witness to use notes to refresh his or her recollection, and there was no evidence that Ms. Teske was reading her notes verbatim at trial.

### VII. *Pro Se Points*

18

Finally, appellant filed pro se points, and the State accordingly filed a response to those points. Appellant claims that the search warrant was not in good faith, he was not residing at the RV that was searched, and the officer "tainted and fabricated" parts of the case. He further claims that he was coerced to confess and that he was illegally searched due to a pretextual arrest. Last, he cites several other cases in his brief; however, he fails to make any relevant arguments regarding the cases cited. We agree with the State that appellant's arguments are unpreserved and unsupported. To the extent appellant is arguing that there was insufficient evidence to support his convictions, his arguments are not preserved because a general motion for directed verdict does not satisfy the requirements of specificity mandated in Rule 33.1 as already explained herein. Finally, the remainder of appellant's pro se points are also not preserved for appellate review because they were never raised in the circuit court or are unsupported. *Nichols v. State*, 2023 Ark. App. 11, 659 S.W.3d 519. Our appellate courts have made it clear that they will not consider an argument when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Williams v. State*, 2024 Ark. 12, 682 S.W.3d 313. An appellant must raise an issue, including constitutional issues, in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal; if a particular theory was not presented to and ruled upon by the circuit court, then the theory will not be reviewed on appeal. *Nichols*, *supra*. Accordingly, we agree that none of the issues that can be identified in appellant's brief warrant a reversal of his convictions.

VIII.  *Conclusion*

Thus, from our review of the record and the brief presented, we find that appellate counsel has complied with the requirements of Rule 4-3 and hold that any appeal would be wholly without merit.  Accordingly, appellate counsel's motion to withdraw is granted, and appellant's conviction is affirmed.

Affirmed; motion to withdraw granted.

GLADWIN and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.